UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PHH MORTGAGE CORPORATION,<br><br>Plaintiff,<br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; LA MANCHA HOMEOWNERS ASSOCIATION, INC., a Nevada non-profit corporation; LIONEL A. STARKES, an individual,<br><br>Defendants. | Case No. 2:16-cv-02822-MMD-PAL<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant,<br>v.<br><br>PHH MORTGAGE CORPORATION,<br><br>Counter-Defendant. | |

**I.    SUMMARY**

This case arises out of a homeowner association's ("HOA") foreclosure and involves the notice provisions applicable to foreclosure sales under Nevada Revised Statutes ("NRS") Chapter 116. Currently there is a federal-state split in the interpretation and effect of the notice provisions found at the pre-2015 version of NRS Chapter 116. However, a question regarding the applicable notice provisions was recently certified to the Nevada Supreme Court, asking whether the notice provisions found at NRS § 107.090 were incorporated by reference into the pre-2015 version of NRS § 116.31168. Because

whether PHH Mortgage Corporation ("PHH") received actual notice may be an issue, (ECF No 47 at 2; *see* ECF No. 53 at 6-7 (stating that the fact the notices were mailed to the Bank and MERS is immaterial without qualifying that it is also disputed)), the Court finds that a partial stay is warranted.

## II.     STAY

A district court has the inherent power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

The Court finds that significant judicial resources will be saved if the Court refrains from issuing a decision in this case until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090. *See SFR Investments Pool 1, LLC v. Bank of New York Mellon,* Nev. S. Ct. Case No. 72931. NRS §§ 116.31168 and 107.090 prescribe two fundamentally different notice mechanisms. The first requires lenders to affirmatively request notice of foreclosure sales from HOAs. The second requires HOAs to notify lenders as a matter of course, regardless of whether a request was made.

///

The Ninth Circuit recently held the first mechanism to be facially unconstitutional because it impermissibly shifts the burden to lenders in violation of their procedural due process rights. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). NRS § 107.090 seems to ameliorate this burden-shifting problem by requiring the HOAs to provide notice to lenders absent any request from lenders for notice; however, the Ninth Circuit has held that NRS § 107.090 is not incorporated in NRS § 116.31168. *Id.* at 1159. If it were, the Ninth Circuit reasoned, the opt-in notice scheme would be superfluous. *Id.*

The question of whether NRS § 116.31168 incorporates NRS § 107.090 is now pending before the Nevada Supreme Court in Case No. 72931. Moreover, that court has hinted it will answer the question in the affirmative. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). If the Nevada Supreme Court holds that NRS § 107.090 is incorporated, then a factual question would arise in this case: did the HOA provide notice to the lender consistent with NRS § 107.090? As the law stands currently, it is irrelevant whether the HOA provided notice to the lender—foreclosure sales conducted pursuant to Chapter 116 could not have satisfied the lenders' constitutional due process rights. *See, e.g.*, *U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *3 (D. Nev. Sept. 29, 2017). But if NRS § 116.31168 incorporated NRS § 107.090, then some foreclosure sales may have satisfied constitutional due process requirements (i.e., those in which HOAs gave lenders notice consistent with NRS § 107.090). Because actual notice may be an issue here, resolution of the certified question is relevant.

### III. LIMITED FACTUAL DISCOVERY

In SFR's Rule 56(d) Motion, it requests to conduct discovery pursuant to Rule 56(d) to "inquire into the Bank's receipt of notice[.]" (ECF No. 31 at 18.) Because the issue of actual notice may be relevant in light of the certified question, the Court grants SFR's 56(d) Motion in part to conduct discovery on the issue of actual notice.

///

The Rule 56(d) Motion, however, is denied as to SFR's request to conduct discovery as to whether PHH holds the original note. (ECF No. 31 at 16-17.) PHH is not seeking to enforce the note in this action; rather, it seeks a declaration that it is the beneficiary of the DOT and mortgage loan and that these still encumber the Property.[1] (ECF No. 1 at ¶ 47.) Moreover, PHH has provided the Court with a copy of the deed of trust listing MERS as the initial beneficiary and a copy of the assignment of the deed of trust from MERS to PHH. (ECF No. 27-1 at 2, 20, 39; ECF No. 27-2 at 2.)

## IV. RETURN DOCTRINE MPSJ (ECF No. 29)

SFR moves for partial summary judgment requesting that this Court find that in the wake of *Bourne Valley*, NRS Chapter 116's notice scheme returns to that of the 1991 version of the statute and thereby eliminates PHH's affirmative defense and proffer that NRS 116 is unenforceable. (ECF No. 29 at 15.) This Court has already addressed the issue of whether it should analyze the facts of a particular case under the notice provisions of the 1991 version of NRS Chapter 116 and declined to do so. *See U.S. Bank National Association v. Thunder Properties Inc.*, No 3:15-cv-00328-MMD-WGC, 2017 WL 4102464, *3 (D. Nev. Sept. 14, 2017).

Therefore, the Court denies SFR's Return Doctrine MPSJ on the merits.

## V. PHH'S SECOND MSJ (ECF No. 46)

The Court addresses two of the three arguments[2] raised in PHH's Second MSJ: first, that the foreclosure sale cannot extinguish a loan guaranteed by the Veterans Administration ("VA") because the Serviceman's Act preempts the Statute; and. second, the inadequate sale price and sale irregularities warrant summary judgment. (ECF No. 44 at 6-8, 10-11.) The Court finds that neither argument has merit and denies PHH's Second MSJ on both grounds.

---

[1]The only component of the mortgage loan that may still encumber the Property is the deed of trust. The promissory note is a separate contract between the Bank and the Borrower.

[2]The Court gives PHH leave to refile its argument that SFR purchased a mere lien interest in the Pro perty (*see* ECF No. 46 at 8-10) if it so chooses once the stay is lifted.

### A. VA Loan

The Borrower's mortgage loan is guaranteed by the VA under its loan guaranty program, 38 U.S.C. § 3703. (ECF No. 46-6.) PHH argues that the "State Foreclosure Statute conflicts with the face of the Servicemen's Act and frustrates the purpose of a federal statute" such that a sale under the Statute is prohibited from extinguishing deeds of trust guaranteed by the VA. (ECF No. 46 at 6-7.) However, the entity in the best position to bring such a contention is the VA itself. *See Freedom Mortgage Corp. v. Las Vegas Development Group, LLC*, 106 F. Supp. 3d 1174, 1177 (D. Nev. 2015) (court declining to recognize beneficiary of DOT's prudential standing to challenge the HOA foreclosure sale on behalf of the Department of Housing and Urban Development). Accordingly, the Court finds that PHH lacks standing to assert the VA's rights.[3]

Therefore, the Court denies PHH's motion on the merits to the extent it relies on this argument.

### B. Inadequacy of Price and Irregularities in HOA Sale

The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

PHH argues that because the property was valued at $122,000 at the time of the foreclosure sale, yet SFR paid only $27,421, and because there were "glaring irregularities . . . present throughout the HOA Sale process[,]" this warrants summary judgment in PHH's favor. (ECF No. 46 at 10-11.) The Court, however, finds that PHH has

---

[3] SFR also contends that it is not clear the VA even has a property interest at this point or that it had a property interest at the time of the sale. (ECF No. 54 at 9, 14-15.)

5

not met its burden in showing how these irregularities—which appear to be disputed in part by SFR (*see* ECF No. 54 at 6-8)—made the foreclosure sale into one "affected by fraud, unfairness, or oppression" either generally or against PHH. *See Shadow Canyon*, 405 P.3d at 648. For instance, PHH states that that the HOA's agent credit bid on the property without the HOA's authorization for an amount higher that what was listed in the third notice of sale. (ECF No. 46 a 11.) SFR responds that the agent was given authority to credit bid on behalf of the association in the event there were no bidders at the sale. (ECF No. 54 at 6.) Even assuming a mistake or irregularity was committed through the credit bid, PHH does not explain how this amounts to fraud, unfairness, or oppression rather than a miscommunication between the HOA's agent and itself. Similarly, the fact that three separate liens were recorded with varying amounts owed on each does not in itself manifest fraud, oppression, or unfairness—in fact, SFR points out that the earliest lien had expired by the time the operative lien notice was recorded and that the operative notices included correct information and accurately stated the amount due to the HOA (despite the second lien's relevant notices containing errors). (ECF No. 54 a 7-8.) Regardless, PHH fails to make clear *how* any of the purported irregularities or mistakes it identifies in its motion demonstrate that the sale was affected by fraud, unfairness, or oppression.

Therefore, the Court denies PHH's motion on the merits to the extent it relies on this argument.

**VI. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions.

It is therefore ordered that SFR's Rule 56(d) Motion (ECF No. 31) is granted in part and denied in part.

///

6

The case is partially stayed until resolution of the certified question in Nev. S. Ct. Case No. 72931, at which time the stay will be automatically lifted. In the meantime, the parties are permitted to conduct limited discovery, to be completed within 60 days from the date of this Order, on the matter of whether actual notice was provided by the HOA or its agent to PHH.

The parties are directed to file two status reports: (1) within five (5) days from completion of said discovery; and (2) within five (5) days upon the Nevada Supreme Court's resolution of the certified question.

It is further ordered that PHH's First Motion for Summary Judgment (ECF No. 27) and SFR's Motion for Summary Judgment (ECF No. 47) are denied without prejudice and may be refiled within thirty (30) days from the date the stay in this case is lifted.

It is further ordered that SFR's Renewed Motion for Partial Summary Judgment Regarding a Pure Issue of Law: Application of the Return Doctrine Post-*Bourne Valley* (ECF No. 29) is denied.

It is further ordered that PHH's Second MSJ (ECF No. 46) is denied on the merits on its contention that the Serviceman's Act preempts the Statute as well as its contention that the inadequate sale price and irregularities in the recording of notices require this Court to set aside the foreclosure sale. It is denied without prejudice as to its remaining argument and PHH may file a renewed motion to assert this argument within thirty (30) days from the date the stay in this case is lifted.

DATED THIS 24th day of January 2018

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

7